107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES, Appellee,
v.
Linda YOUNG, Defendant-Appellant.
 No. 96-1368.
 United States Court of Appeals, Second Circuit.
 Feb. 24, 1997.
 
 1
 APPEARING FOR APPELLANT: RANDOLPH Z. VOLKELL, Bellmore, NY.
 
 
 2
 APPEARING FOR APPELLEE: IRA M. FEINBERG, Assistant United States Attorney, New York, NY.
 
 
 3
 Before JACOBS, CALABRESI, and LAY,* Circuit Judges.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 6
 Defendant Linda Young appeals her April 29, 1996 conviction, following a jury trial, of four counts of distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(c).
 
 
 7
 Young argues that the jury's verdict was not supported by sufficient evidence because she established the defense of entrapment as a matter of law. The record reflects, however, that after carefully considering this issue at Young's sentencing hearing, Judge Parker concluded (and stated at least twice) that the circumstances of the case "do[ ] not amount to entrapment." Judge Parker nonetheless did depart downward two levels in Young's sentence, imposing a sentence of three years probation and six months of home confinement.
 
 
 8
 We agree with Judge Parker that no entrapment occurred here, and in any event that Young did not establish the defense of entrapment. Such a defense requires proof of two elements: (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant. United States v. Salerno, 66 F.3d 544, 547 (2d Cir.1995), cert. denied, 116 S.Ct. 746 (1996). "When a defendant presents credible evidence of inducement by a government agent, the government is required to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." Id. Predisposition may be demonstrated through evidence of, inter alia, "a willingness to commit the crime for which [the defendant] is charged as evidenced by the accused's ready response to the inducement." Id. (internal quotations and citations omitted).
 
 
 9
 The record in this case (including transcripts from tape recordings) reveals numerous instances in which Young gave a "ready response" to an undercover government agent's inducements to engage in drug transactions. When the agent asked Young if she could purchase drugs for him, she responded "no problem." When the agent suggested that, "if [the cocaine] is good, we could make more business," she replied "Okay. Alright." Young told the agent that it was "no problem" for her to get more cocaine, and that all the agent "had to do was ask her." Finally, Young repeatedly mentioned "getting into business" to sell drugs with the agent, and in particular expressed interest in "build[ing] up a clientele" and making sure that she and the agent "split the profits" evenly.
 
 
 10
 These examples from the record (among many others) provide ample evidence of Young's "willingness to commit the crime for which [she was] charged," and demonstrate her "ready response to the inducement." Salerno, 66 F.3d at 547. We have little difficulty concluding that a rational jury could find from this evidence that the government "prov[ed] beyond a reasonable doubt that [Young] was predisposed to commit the crime." Id.
 
 
 11
 We have considered all of Young's arguments to the contrary and find them to be without merit.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation